UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Carliss R. Smith,
    Plaintiff

vs

Commissioner of Social Security,
    Defendant

Case No. 1:07-cv-344-SAS-TSH
(Spiegel, Sr., J.; Hogan, M.J.)

### REPORT AND RECOMMENDATION

This matter is before the Court on defendant's motion to dismiss for lack of jurisdiction. (Doc. 6). The motion was filed on (July 2, 2007). To date, plaintiff has not filed any response to defendant's motion. For the reasons set forth more fully below, the Court recommends that the motion to dismiss be granted.

Pro se plaintiff Smith initiated this action on April 30, 2007, with the filing of a motion to proceed in forma pauperis and a copy of the complaint. (Doc. 1). The Court granted the motion to proceed in forma pauperis on May 2, 2007, and the complaint was filed that same date. (Docs. 2, 3). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for disability insurance benefits (DIB).

In order to obtain judicial review of a decision of the Commissioner of Social Security a claimant must exhaust his administrative remedies. *See Matthews v. Eldridge*, 424 U.S.319, 327-29 (1976). *See* 42 U.S.C. § 405(g). The Social Security regulations at 20 C.F.R. §§ 404.900(a)(1)-(4) describe the four steps of the administrative review process: "Initial determination;" "Reconsideration;" "Hearing before an administrative law judge;" and "Appeals Council review." When these steps

have been completed, a claimant may file a federal court complaint seeking review of the Commissioner's final decision. Any such civil action must be commenced "within sixty days after the mailing to [the claimant] of the notice of [the Commissioner's final] decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g); *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

In the present case, the following facts are undisputed. Plaintiff's DIB application was denied on November 30, 2004, after a hearing ad decision by an Administrative Law Judge (ALJ). Plaintiff's request for review by the Appeals Council was subsequently denied on June 3, 2005, thereby making the ALJ's decision the final decision of the Commissioner. The Appeals Council sent plaintiff a Notice of Appeals Council Action on that same date. The Appeals Council also mailed a copy of the Notice to her then-attorney. Plaintiff's action in this Court was not initiated until April 30, 2007, almost two years after the final decision denying her claim for benefits was mailed to her. Defendant has no record of any request for an extension of the time period within which to file a civil action.

Absent a showing to the contrary, plaintiff was presumed to have received notice of the Appeals Council action five days after such notice was mailed to her, or June 8, 2005. 20 C.F.R. §§ 404.981, 422.210(c). Thus, to be considered timely filed plaintiff's action should have been filed on or before August 7, 2005. Clearly, plaintiff did not file this action within the limitations period set froth by the Social Security Act. Moreover, by failing to respond to the within motion, plaintiff has failed to demonstrate any basis for extending the limitations period beyond the presumptive sixty day limit. For these reasons, plaintiff's complaint was not timely filed and this action should be dismissed.

In the alternative, the Court recommends that this action be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). Since filing the her pro se complaint, plaintiff has not taken any steps to prosecute this action. District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Sixth Circuit has held that dismissal is an appropriate sanction pursuant to Rule 41 of the Federal Rules of Civil Procedure when there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980)(quoting *Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 385 (5th Cir. 1978);

*see also Coleman v. American Red* Cross, 23 F.3d 1091, 1095 (6th Cir. 1994). As the court in *Carter* explained, "the key is a failure to prosecute, whether styled as a failure to appear at a pre-trial conference, failure to file a pre-trial statement, .... or failure to comply with the pre-trial order." 636 F.2d at 161(quoting *J.F. Edwards Const. Co. v. Anderson Safeway Guard Rail Corp.,* 542 F.2d 1318, 1323 (7th Cir. 1976)(per curiam)).

IT IS THEREFORE RECOMMENDED THAT this action be DISMISSED for lack of jurisdiction, or in the alternative that this action be dismissed for lack of prosecution.

Date: 3/21/08

lww/TSH

Timothy S. Hogan
United States Magistrate Judge

J:\LWW\Social Security\07-344 dismiss.wpd

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole

3

or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☐ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Carliss Renee Smith<br>11651 Norbourne Dr. #208<br>Cinti, OH 45240 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 1490 0001 0562 6684 | |

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509

1:07cv 344    Doc. 7