```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

CARLISS R. SMITH,               :
        Plaintiff,              :      NO. 1:07-cv-00344
                                :
   v.                           :      **OPINION AND ORDER**
                                :
MICHAEL J. ASTRUE               :
COMMISSIONER OF                 :
SOCIAL SECURITY,                :
        Defendant.              :

This matter is before the Court on the Magistrate Judge's Report and Recommendation for dismissal of Plaintiff's action for lack of jurisdiction (doc. 7), Plaintiff's Objection thereto (doc. 11), and Defendant's Response to Plaintiff's Objection(doc. 12). For the reasons indicated herein, the Court AFFIRMS the decision in the Magistrate Judge's Report and Recommendation.

On May 2, 2007, Plaintiff filed a complaint against the Commissioner of Social Security appealing the denial of her Social Security benefits (doc. 3). Plaintiff had exhausted other administrative remedies and thus sought jurisdiction for judicial review under 42 U.S.C. §405(g) (Id.). In response to Plaintiff's complaint, Defendant filed a Motion to Dismiss for Lack of Jurisdiction arguing that Plaintiff's complaint was not timely filed (within 60 days of notice mailing) according to 42 U.S.C. §405(g) (doc. 3).

On March 21, 2008, the Magistrate Judge issued a Report and Recommendation, finding that Plaintiff's action should be dismissed for lack of jurisdiction, or in the alternative, dismissed for lack

of prosecution (doc. 7).  With respect to jurisdiction, the Magistrate Judge noted that 42 U.S.C. §405(g) allows any individual to file a federal court complaint to review any final decision made by a Social Security Commissioner (Id.).  However, 42 U.S.C. §405(g) also sets forth a sixty day statute of limitations for commencing these civil actions in order to maintain speedy resolution of such cases in the court system (Id.).  The sixty day period begins when the individual receives the Appeals Council's Notice, stating denial of the individual's request for review of the Commissioner's decision, thus making the Commissioner's decision final.  Bowen v. City of New York, 476 U.S. 467, 481 (1986).  Receipt is considered to be five days after mailing, absent evidence to the contrary. Id.  However, pursuant to 20 C.F.R. §§ 404.911, 404.982, there may be circumstances that justify an extension of the statute of limitations beyond sixty days.

In this case, the Magistrate Judge found, because the Appeals Council gave notice of their decision on June 3, 2005, Plaintiff would have had to file her complaint within sixty-five days (five days to receive mailing and sixty days to respond) or have requested, and been granted, an extension by the Appeals Council to be considered timely (doc. 7).  However, Plaintiff did not file her complaint until April 30, 2007, well after the sixty day limitation had passed on August 7, 2005 (Id.).  Additionally, the Magistrate Judge noted that Plaintiff showed no evidence that she had

requested a filing extension due to any special circumstances (Id.). Because Plaintiff failed to show any basis for extension of the sixty day limitation and failed to file her complaint within the sixty days, the Magistrate Judge concluded that Plaintiff's action was not timely and must therefore be dismissed for lack of jurisdiction (Id.).

In the alternative, the Magistrate Judge stated that, with respect to lack of prosecution, under Fed. R. Civ. P. 41(b), a plaintiff must take some steps to prosecute an action, otherwise the defendant can move to dismiss the action (Id.). The Magistrate Judge also noted the Sixth Circuit's ruling in Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980) that dismissal is appropriate under Rule 41(b) when it is clear that the plaintiff has willfully delayed the action's proceedings (Id.). In this case, the Magistrate Judge found, Plaintiff's delay for almost two years after receiving notice of the Appeals Council's decision is considered a failure to prosecute under Rule 41(b) (Id.).

On May 12, 2008, Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation, asserting that the reasons and documentation for her claim would be available and clearly presented at a court hearing (doc. 11). Plaintiff's Objection did not otherwise address any of the pertinent issues in this case (Id.).

On May 29, 2008, Defendant then filed a Response to

Plaintiff's Objection(doc. 12). Defendant argued that Plaintiff filed after the sixty day limitation had passed and failed to offer any justifying circumstances according to 20 C.F.R. §§ 404.911, 404.982 (Id.). Additionally, Defendant argued that even if Plaintiff had not personally received the Appeals Council's Notice, she neither asked for an extension nor showed that her attorney did not receive the Notice (doc. 12). For these reasons, Defendant argued, the Magistrate Judge correctly dismissed Plaintiff's complaint for lack of jurisdiction (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct. Because Plaintiff neither filed for an extension of the sixty day limitation nor responded within the sixty days, her complaint is not timely and should be dismissed for lack of jurisdiction, as suggested by the Magistrate Judge's Report and Recommendation (doc. 7).

The Court reviewed this matter de novo pursuant to 28 U.S.C. §636(b), and thus, AFFIRMS the Magistrate Judge's Report and Recommendation to dismiss Plaintiff's complaint for lack of jurisdiction (doc. 7), OVERRULES Plaintiff's Objections (doc. 11), and DISMISSES this case from the docket.

SO ORDERED.

Dated: June 10, 2008                /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge